UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22121-BLOOM/Otazo-Reyes

SHELLY PRIDE,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [19] ("Motion"). Plaintiff Shelly Pride filed a Response in Opposition, ECF No. [22], to which Defendant filed a Reply, ECF No. [23]. The Court has carefully reviewed the Motion, all supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendant's Motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiff filed her Complaint against Defendant on June 7, 2023, ECF No. [1]. She alleges that she slipped and fell on a wet deck while aboard Defendant's cruise ship, the *Vista*, and her injuries were caused by Defendant's negligence. Defendant filed a Motion to Dismiss Plaintiff's Complaint, ECF No. [5], and Plaintiff thereafter filed an Amended Complaint on August 25, 2023, alleging one count of negligence arising from the same slip and fall incident, ECF No. [12]. The Amended Complaint alleges negligence "in one or more of the following ways:" (a) negligent failure to remedy; (b) negligent failure to warn; (c) failure to provide adequate warning; (d)

negligent failure to maintain; (e) failure to monitor and inspect; and (f) utilization of an inappropriate material and failure to treat that material. *Id.* at 4.

In the Motion, Defendant asserts that (1) Plaintiff failed to sufficiently set forth each claim of negligence and the Amended Complaint is tantamount to a shotgun pleading; and (2) Plaintiff failed to adequately plead that Defendant had actual or constructive notice of the hazardous condition. ECF No. [19] at 3, 9. Plaintiff responds that the Amended Complaint sufficiently pleads negligence for failure to warn, failure to maintain, and negligent design, and establishes that Defendant had constructive notice of the hazardous condition. ECF No. [22] at 6.

## II.    LEGAL STANDARD

### A. Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929, (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the

plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

### B. Shotgun Pleading

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

Overall, shotgun pleadings do not establish a connection between "the substantive count and the factual predicates . . . [and] courts cannot perform their gatekeeping function with regard to the averments of [the plaintiff's claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006). The Eleventh Circuit has identified four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits

> the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Merch. One, Inc. v. TLO, Inc.*, No. 19-CV-23719, 2020 WL 248608, at *3 (S.D. Fla. Jan. 16, 2020) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted)). Shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x 962, 963 (11th Cir. 2009) (citations omitted).

### III. DISCUSSION

#### A. Plaintiff's Amended Complaint is a Shotgun Pleading

Plaintiff's Amended Complaint alleges that "Defendant breached its duty of reasonable care and was negligent in one or more of the following ways" and lists six subparagraphs of claims that sound in negligence: (a) negligent failure to remedy; (b) negligent failure to warn; (c) failure to provide adequate warning; (d) negligent failure to maintain; (e) failure to monitor and inspect; and (f) utilization of an inappropriate material and failure to treat that material. ECF No. [12] ¶ 14.

Defendant avers that Plaintiff failed to present her negligence claims as separate counts in the Amended Complaint and fails to include the elements for those claims. Accordingly, the Amended Complaint fails to provide adequate notice of the claims asserted and the grounds upon which those claims rest. To answer the Amended Complaint, Defendant must read Plaintiff's various negligence claims together and speculates that Plaintiff might be asserting a negligent failure to warn claim. ECF No. [19] at 10. Further, to address the last subparagraph in paragraph fourteen of the Amended Complaint, Defendant surmises that negligent design may be the claim.

*Id.* at 13. Plaintiff responds by clarifying that the claim is a negligent design claim. ECF No. [22] at 7. However, the Court notes that the Amended Complaint fails to mention the word "design" let alone sufficiently state a claim for negligent design.

Plaintiff's Response acknowledges that her Amended Complaint attempts to allege three separate counts of negligence: negligent maintenance, negligent failure to warn, and negligent design. *Id.* However, those claims are not alleged as separate counts in the Amended Complaint. Rather, the Amended Complaint alleges one count of negligence with six subparagraphs that fail to sufficiently set forth the plausibility of each claim as required by Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 at 557 (2007). Plaintiff unpersuasively explains that "this separation would be unnecessary as the subject paragraphs are each clear allegations of negligence [and] refer to the claims of negligence against [Defendant] for failure to warn, failure to maintain, and negligent design." ECF No. [22] at 6. Plaintiff fails to demonstrate that these claims are more than simple recitations of each negligence claim or explain how factual allegations support each claim.

Plaintiff's Amended Complaint is a shotgun pleading and condemned by the Eleventh Circuit. A "shotgun pleading[]" is a complaint "that violate[s] either Rule 8(a)(2) or 10(b), or both." *Weiland v. Palm Beach Ctny. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The four "rough" groupings of shotgun pleadings are complaints: (1) "containing multiple counts where each count adopts the allegations of all preceding counts"; (2) "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) that

fail to "[separate] into a different counts each cause of action or claim for relief"; and (4) "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts, or which of the defendants the claim is brought against." *Id*. at 1321-23. The "unifying characteristic of all shotgun pleadings is that they fail to one degree or another . . . to give defendants adequate notice of the claims against them." *Id*. at 1323. Further, the Eleventh Circuit has specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x 962, 963 (11th Cir. 2009) (citations omitted).

Plaintiff's pleadings fall squarely into the third category of shotgun pleadings. The negligent failure to maintain, failure to warn, and negligent design claims are distinct negligence claims and cannot be "nestled within [a] general negligence claim." *Anders v. Carnival Corp.*, No. 23-21367, 2023 WL 4252426, at *4 (S.D Fla. June 29, 2023).

Negligent failure to warn "sounds in negligence but is a separate cause of action with distinct elements." *Id*. (citing *Reed v. Royal Caribbean Cruises, Ltd.*, No-10-Civ-24668, 2021 WL 2592914, at *9 (S.D. Fla Apr. 23, 2021)). To state a claim for negligent failure to warn, Plaintiff must allege: (1) that Defendant knew of the allegedly dangerous conditions; and (2) that the condition was not open and obvious. *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1264 (11th Cir. 2020) (citing to *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 n.5 (11th Cir. 2019)). To satisfy the first element, Plaintiff must allege either actual or constructive notice. "Actual notice exists when the defendant knows about the dangerous condition." *Holland v. Carnival Corp.* 50 F.4th 1088, 1095 (11th Cir. 2022). Constructive notice can be established when a plaintiff plausibly alleges that: (1) the hazardous condition existed "for a sufficient length of time"; or (2) substantially similar conditions must have caused substantially similar prior incidents. *Id.* at 1096.

Negligent design claims have different elements. Specifically, "[l]iability based on negligent design requires proof that the shipowner or operator 'actually created, participated in or approved' the alleged improper design." *Diczok v. Celebrity Cruises, Inc.*, 263 F. Supp. 3d 1261, 1264 (S.D. Fla. 2017) (citing *Groves v. Royal Caribbean Cruises, Ltd.*, 463 F. App'x 837, 837 (11th Cir. 2012). The crucial element of a negligent design claim is the "actual participation or approval" of the alleged improper design. *Id*. There is no overlap between the elements of those two distinct negligent claims. Nestling claims in this manner amounts to a shotgun pleading.

### B. The Allegations of Notice are Sufficient

The Court next addresses whether Plaintiff's Amended Complaint sufficiently alleges that Defendant had notice of the hazardous condition.

Plaintiff alleges that Defendant had knowledge of prior accidents on the "exact deck material when it is wet" that occurred "under identical or substantially similar conditions." ECF No. [12] at 2. Plaintiff provides a list of nineteen other passengers who suffered similar injuries from 2017 to 2022 to support the allegation of these prior incidents aboard the *Vista*. *Id*.

Defendant argues that Plaintiff failed to properly allege actual or constructive notice. Defendant cites to the Eleventh Circuit's decision in *Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022) finding dismissal is proper when a plaintiff fails to "include factual allegations that plausibly suggest Carnival had constructive notice of the dangerous condition." Defendant contends that Plaintiff failed to set forth sufficient facts and analogizes the deficiency to the one found in *Holland*. The court in *Holland* held that allegations that there "'are frequently spills [and] prior slip and fall incidents on this staircase'" are insufficient for purposes of constructive notice. *Id*. at 1096. Defendant argues that its reasoning is also supported by *Newbauer v. Carnival Corp.,* 26 F.4th 934 (11th Cir. 2022). In *Newbauer*, the plaintiff "failed to include any

factual allegations that were sufficient to satisfy the pleading standard set forth in *Iqbal* and *Twombly* such that it is facially plausible that Carnival had actual or constructive notice . . . of the wet substance on the deck because it was in a 'high traffic dining area.'" *Id*. at 935-36.

Plaintiff's argument is based on the allegations in her Amended Complaint — namely, the list of nineteen alleged prior slip and fall incidents on the same ship, the *Vista*, due to the same hazardous condition on the same deck material. ECF No. [12] at 2-3. Plaintiff contends that Defendant "misapplies the rulings in *Holland* [and *Newbauer*]" and that the claim "not only alleges that prior incidents occurred, but more specifically that [Defendant] was aware of those occurrences" establishing constructive notice of the hazardous condition. ECF No. [22] at 4. Lastly, Plaintiff argues that "the list of prior incidents suffices" for the purpose of pleading factual allegations for her claim at this stage, that the Amended Complaint "plausibly alleges that substantially similar incidents occurred," and "should survive this motion to dismiss." *Id*. at 4-5.

The Court finds that Plaintiff's allegations are distinguishable from the those in *Holland* and *Newbauer*. In *Holland*, 50 F.4th at 1096, the plaintiff failed to provide "any" facts to plausibly allege notice. The Eleventh Circuit found that the following were insufficient factual allegations: that several hundred passengers and crewmembers used the staircase in question, many carried drinks, there were frequent spills and that Carnival had to be aware given "the frequent nature of prior [] incidents." *Id*. at 1095. Similarly, in *Newbauer*, 26 F.4th at 935, the court found that the plaintiff failed to set forth "any factual allegations" sufficient to satisfy pleading standards. In *Anders v. Carnival Corp.*, No. 23-21367, 2023 WL 4252426, at *3, 5 (S.D Fla. June 29, 2023), although actual notice was established, the court commented that reliance on allegations of substantially similar incidents "without 'alleging the specifics'" of those incidents, such as

8

allegations that "other passengers" had been injured on the same slide in the same manner, may be insufficient for surviving a motion to dismiss.

Here, Plaintiff has provided full names and dates of passengers who also allegedly fell on the same ship, the *Vista*, and on the same deck material prior to Plaintiff's incident. ECF No. [12] at 2-3. Those facts are specific, not general, and do not rely on a catch-all "other passengers" allegation. Those allegations support the inference that a substantially similar incident occurred due to a substantially similar condition. Accepting the allegations as true, Plaintiff plausibly alleges that Defendant had constructive notice based on substantially similar incidents and conditions.

Alternatively, Defendant argues that Plaintiff fails to establish constructive notice by insufficiently alleging that Defendant knew the hazardous condition existed for a sufficient period of time in order to invite corrective measures. ECF No. [19] at 4. Defendant cites to *Holland* where the court found that alleging "prior slip and fall incidents" is conclusory and insufficient to establish notice. 50 F.4th at 1096. Defendant analogizes to the allegations in *Newbauer* where the plaintiff failed to establish notice through sufficiency of time by alleging a defendant's "general knowledge" of events in the past occurring "regularly and frequently." 26 F.4th at 936. Defendant does not address why five years of alleged incidents should not be considered a sufficient period of time to establish constructive notice.

Plaintiff argues that the passengers alleged to have slipped and fell over a five year period, 2017 – 2022, are sufficient to establish constructive notice. ECF No. [12] at 2. Plaintiff points out that the first incident was January 1, 2017, with an additional eight alleged incidents in that year, continuing through 2022, resulting in a "length of time that 'invited corrective measures'" and established constructive notice. ECF No. [22] at 5.

Case No. 23-cv-22121 -BLOOM/Otazo-Reyes

The Court finds the allegations sufficient and distinguishable from those in *Holland* and *Newbauer* regarding the period of time. The plaintiff in *Holland* required an "inferential leap" from the allegation of a "highly visible and well-trodden" staircase to the conclusion that the "hazard existed for a sufficient length of time." 50 F.4th at 1096. The allegation in *Newbauer* that the condition "existed for a sufficient period of time" was conclusory and "failed to allege any facts suggesting the amount of time the hazard existed," and was therefore not "sufficient to satisfy the pleading standard [] in *Iqbal* and *Twombly*." 26 F.4th at 935-36.

Plaintiff's allegations of the nineteen (19) incidents from 2017 through 2022 are sufficient and analogous to those allegations in *Green v. Carnival Corp.*, 614 F. Supp. 3d 1257 (S.D. Fla. 2022). In *Green*, the court held that the plaintiff had properly "set forth specific factual allegations" by alleging "fifteen (15) prior substantially similar incidents" sufficient to plead defendant's constructive notice of a hazardous condition. *Id*. at 1263. The court distinguished those factual allegations from those in *Holland*, which the court found were "generalities" as that plaintiff "made no specific factual allegation" and relied on terms such as "frequent spills" and allegations of "the 'frequent nature of prior slip and fall incidents' in the area." *Id*. at 1264. Here, Plaintiff quantified nineteen (19) incidents and within a specific range of years, setting forth specific factual allegations. Accepting Plaintiff's allegations as true, five years can reasonably be considered a sufficient amount of time to raise the "right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (2007). In sum, Plaintiff plausibly alleged constructive notice based on sufficiency of time.

### C. Dismissal without Prejudice

The Court addresses whether dismissal should be with or without prejudice. Defendant argues in its Reply that Plaintiff "failed to provide clarity [on the claims] in her second attempt at

10

setting forth a complaint." ECF No. [23] at 7. Defendant did not argue that an opportunity to amend the Amended Complaint would be futile. Plaintiff contends that she successfully established Defendant's constructive notice of a hazardous condition and set forth her pleading properly without "shar[ing] the characteristics of a shotgun pleading." ECF No. [22] at 6. Plaintiff requested leave to amend the Amended Complaint should Defendant's Motion be granted. *Id*. at 8.

District courts "have broad discretion in permitting or refusing to grant leave to amend." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Federal Rules of Civil Procedure direct that before trial, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be "freely given" absent a showing of "futility of amendment." 466 F.3d at 1270 (citing 371 U.S. at 182). When an amended complaint would still be "properly dismissed or be immediately subject to summary judgment for the defendant," a district court could determine that leave to amend the complaint is futile*. Cf. Rivas v. Bank of New York Mellon*, 777 F. App'x 958, 965 (11th Cir. 2019); *see also Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Plaintiff has alleged sufficient factual allegations to establish that Defendant had constructive notice of the hazardous condition. It is the pleading structure that is deficient. The Court accordingly finds that granting one opportunity for Plaintiff to amend her Amended Complaint is warranted.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [19]**, is **GRANTED IN PART** and **DENIED IN PART**.

2. The Amended Complaint, **ECF No. [12]**, is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall file a Second Amended Complaint addressing the deficiencies discussed herein no later than **October 30, 2023.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 19, 2023.

*[signature]*

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record